## Humphreville v. Foultz.

J. Andrew Frantz, for rule; Charles W. Eaby, contra.

LANDIS, P. J., Jan. 18, 1930.—This suit was commenced on Jan. 25, 1929. On Aug. 19, 1929, the plaintiff filed his statement of claim. The defendant asks to have this statement stricken off upon two grounds.

The first ground alleges that the endorsement on the statement is not in accordance with the Practice Act. Section 10 of the Act of May 14, 1915, P. L. 483, provides that "the statement of claim shall be endorsed as follows: 'To the within defendant: You are required to file an affidavit of defense to this statement of claim within fifteen days from the service hereof.' This notice shall be followed by the name of the plaintiff's attorney, or by his own name if he sues in person, and an address within the county where all papers are to be served." It appears from an examination of the statement that on the back of it is endorsed: "To the within defendant: You are hereby required to file an affidavit of defense within fifteen days from the service hereof." This is not signed by the plaintiff's attorney, but down farther on the paper, in typewriting, is endorsed: "Chas. W. Eaby, Attorney." No address is given where the papers are to be served. It is manifest that in this respect the statement is not in accordance with the provisions of the act.

In the second place, the affidavit attached to the statement is: "Before me, the subscriber, personally appeared John P. Humphreville, the plaintiff, who being duly affirmed according to law, deposes and says that the facts set forth in the foregoing statement are true and correct, to the best of his knowledge and belief." This question we have discussed in the case of Acker v. Creswell, June Term, 1929, No. 30, supra, in which we have just handed down an opinion. If that case is decided correctly, then the affidavit attached to the present statement is insufficient.

The rule is, therefore, made absolute, and the plaintiff's statement is stricken off, with leave to file a new statement which will conform to this opinion.

From George Ross Eshleman, Lancaster, Pa.

NOTE.—See preceding case.